In the Matter of the Estate of LUCIE R. CASSIDY, Deceased. ROBERT I. CASSIDY, Petitioner; NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Trustee, Respondent.

Surrogate's Court, Albany County, May 1, 1944.

*Daniel H. Prior* and *Edouard L. Dunne* for petitioner.

*Dugan, Barkhuff & Dugan* for respondent.

*William A. Glavin* and *John J. Glavin, amici curiæ.*

ROGAN, S. On January 29, 1944, the petitioner, through his attorney in fact, filed in this court a petition to compel the National Commercial Bank and Trust Company of Albany, as

substituted testamentary trustee, to pay over and deliver to him as " sole " issue of Edward R. Cassidy, the principal of the trust fund for the benefit of said Edward R. Cassidy, it being alleged upon information and belief that said Edward R. Cassidy died on or about the 8th day of October, 1942, at Port Blanc en Baden, Occupied France.

On the same day the petitioner filed a petition to compel the substituted trustee to render an account of its proceedings as such trustee. Citations were thereupon issued and were made returnable in this court on February 16, 1944. On the return day of the citation the substituted trustee filed an answer in the proceeding brought pursuant to section 219 of the Surrogate's Court Act, raising various questions, the most important of which are: (1) Is Edward R. Cassidy dead? (2) Whether Robert I. Cassidy is the sole issue of Edward R. Cassidy.

In the proceeding instituted to compel the substituted trustee to account the trustee did not deny its obligation to account. An order to that effect was entered without objection, and the trustee has filed its account together with a petition asking for a judicial settlement thereof. A citation has been issued directed to all interested parties and is returnable in this court on May 2, 1944.

No question has been raised, nor could be raised, as to the necessity of the petitioner to show by competent proof that Edward R. Cassidy is dead, and that he is the sole and only issue of said Edward R. Cassidy, before he can secure the benefits and relief prayed for in his petition.

In endeavoring to prove the death of Edward R. Cassidy he has offered in evidence a communication directed to the sister of the wife of Edward R. Cassidy, a Dorothy Styer, which message was contained in a Civilian Welfare Message transmitted by the Apostolic Delegate in Paris by way of the Secretary of State of the Vatican, which reads as follows: " Edward died October eighth — Nelle excellent health living Port Blanc Love for family."

In support of the contention that Edward R. Cassidy is dead, he also has offered in evidence a cablegram sent by the International Red Cross Committee at Berne, to the American Red Cross at Washington, which cablegram is as follows: " Mrs. Cassidy France Well requests that National Commercial Bank and Trust Company 60 State Street Albany be advised that husband Edward R. Cassidy died October 8, 1942 letter follows."

At the hearing before the Surrogate both of these documents

or communications were objected to by the trustee as being hearsay, ex parte, unverified and unauthenticated statements, and inadmissible for any purpose. As a ruling on the admissibility of these documents or papers was reserved by the Surrogate at that time, it now becomes necessary to determine whether or not the objections should be sustained.

It is to be noted at the outset that neither of these messages or communicaions is a direct and positive statement of the Vatican or the Red Cross that Edward R. Cassidy is dead; consequently, whatever importance we may attach to them as messages coming from ecclesiastical and humanitarian agencies concerning the alleged death of Edward R. Cassidy is considerably weakened. That the messages in and of themselves are hearsay admits of no doubt, for they are not under oath and no opportunity whatever has been afforded to cross-examine. No citation of authorities is necessary to sustain this ruling. The petitioner claims, however, that the statements contained in the Vatican and Red Cross messages relating to the death of Edward R. Cassidy, although hearsay, are declarations made by Mrs. Cassidy, the wife of Edward R. Cassidy, and are admissible as coming within the exception to the hearsay rule as to pedigree.

Assuming, but not deciding, that the petitioner has brought himself within the exception regarding hearsay evidence as to offer declarations as to pedigree by a member of decedent's family who is out of the jurisdiction, is not available as a witness, and whose testimony cannot be taken by deposition or otherwise, it has not been demonstrated, nor is it clear that either of these messages was sent by Nelle Cassidy, or that she was the declarant of the information contained therein. As to the Vatican message it would appear quite conclusively that the sender was someone other than Nelle Cassidy. The Red Cross message, while not so apparent, could easily have been directed by the same author. The petitioner's case, whatever its merit, fails to present any evidence whatsoever that the person giving the information or sending the messages through the Vatican and Red Cross was, in fact, the wife of Edward R. Cassidy. A matter of such importance should not be left to speculation or guess work. Any extension of the rule permitting hearsay declarations to be received in evidence would open the door to fraud and uncertainties which should not be invited or encouraged. While the court is fully cognizant of the hardship and difficulty under which the petitioner must labor to obtain information concerning his father, under the conditions existing in France at the present time, it is much better not to relax the rule

even in cases that appear to be meritorious. In enforcing the rules of evidence courts do not inquire whether conditions afford an opportunity to present stronger proof than at a time not so affected. They are interested solely in insisting that the rules of evidence be enforced impartially. The value of the rule depends in part upon its vigorous enforcement.

The objections to the receipt of the communications are therefore sustained for the reasons stated, and the proceeding dismissed.

While it becomes unnecessary at this time to determine who are the issue of Edward R. Cassidy, the legal presumption being that he is living, the court is of the opinion that when the academic nature of the question is not involved more convincing proof will be required to establish petitioner's contention that he is the sole living issue of Edward R. Cassidy than was offered in this proceeding.

An order may be entered in accordance with this memorandum.